No. 25-2899

**UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

FEMALE ATHLETES UNITED,
*Plaintiff-Appellant*,

v.

KEITH ELLISON, in his official capacity as Attorney General of Minnesota; REBECCA LUCERO, in her official capacity as Commissioner of the Minnesota Commission on Civil Rights; ERICH MARTENS, in his official capacity as Executive Director of the Minnesota State High School League; WILLIE JETT, in his official capacity as the Minnesota Commissioner of Education; INDEPENDENT SCHOOL DISTRICT NO. 11 SCHOOL BOARD; INDEPENDENT SCHOOL DISTRICT NO. 192 SCHOOL BOARD; AND INDEPENDENT SCHOOL DISTRICT NO. 279 SCHOOL BOARD,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Minnesota
Case No. 0:25-cv-02151-ECT-DLM

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF APPEAL OF FEMALE ATHLETES UNITED AND REVERSAL**

William Bock III
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 692-9000
wbock@kgrlaw.com

*Counsel for Amicus Curiae*

# CORPORATE DISCLOSURE STATEMENT

The undersigned counsel confirms that neither the Independent Council on Women's Sport (ICONS), nor any of its members has a parent corporation and no publicly held corporation owns 10% or more of the stock of ICONS of any of its members.

Pursuant to Federal Rule of Appellate Procedure 29, *Amicus,* the Independent Council on Women's Sports (ICONS), moves this Court for leave to file the attached brief of *amicus curiae. Amicus* sought consent to the filing of this *amicus* brief through sending an email to Counsel of Record requesting consent. Plaintiff-Appellant consents to this brief's filing. Defendant-Appellee School District No. 279 objected to the proposed *amicus* brief. Counsel for the remaining Defendants did not respond to *amicus*' inquiry. Accordingly, all parties have not consented to *amicus*' motion.

**IDENTITY AND INTEREST OF AMICUS CURIAE**

*Amicus* is the Independent Council on Women's Sport (ICONS) a 501(c)(3) organization and advocacy group that supports a network of current and former high school, collegiate and professional women athletes who seek to preserve women's sport for women.

ICONS was co-founded by Marshi Smith, a swim team captain at the University of Arizona in Tucson. Her achievements include securing NCAA and PAC-10 championship titles in the 100y backstroke in 2005, along with fifteen All-American awards. Recognized for her excellence,

Marshi was inducted into the University of Arizona's Sports Hall of Fame in 2011.

ICONS co-founder Kim Jones played tennis at Stanford University where she earned All-American status in both singles and doubles. She was a 3x NCAA Runner Up, NCAA doubles semi-finalist and an individual finalist at the Singles NCAA National Indoors. Kim earned multiple Indoor Pac10 titles in singles and doubles and National Indoor team titles. She represented the United States at the World University Games with a 5th place finish.

In 2022 Marshi and Kim were introduced by Riley Gaines, then a University of Kentucky swimmer who that year competed against and tied a trans-identifying male athlete in the NCAA women's swimming championships and who, along with hundreds of other female swimmers, was required by the NCAA to share a locker room with this man at the women's swimming national championship. Marshi and Kim recognized that an organization supporting girls and young women who were being deprived of opportunities in sport by men was needed. Accordingly, they founded ICONS in 2022.

ICONS seeks for today's girls and young women the same opportunities in sport to compete safely and with dignity on a level playing field, to develop character qualities through fair athletic competition, and for young women to be able to enjoy the fruits of their efforts invested in scholastic sport just as ICONS' founders experienced.

ICONS approaches its mission with urgency. Given their personal experience of playing sports in high school and college, ICONS' founders are aware that sport seasons are short and eligibility in high school and college sports is limited to four years, making the window of opportunity for women to excel in scholastic sport exceedingly narrow. Therefore, missed opportunities for girls to compete and win or to earn a scholarship can have lifelong detrimental ramifications that cannot be recaptured.

For more than four years since its' creation in 2022 ICONS has supported hundreds of women at all levels of sport who have been injured by men competing in women's sports. These experiences have led ICONS to become intimately familiar with how scholastic sports are organized at the high school and collegiate levels and with how Title IX and the Title IX athletics regulation apply in these contexts. As a result of this expertise developed in helping young women protect their Title IX rights

in scholastic sports, ICONS has developed expertise in drafting and applying sport rules and has assisted high school, college and international sport governing bodies with the development of rules that protect women. ICONS has also filed more than a dozen *amicus* briefs in relevant cases at the U.S. Supreme Court and/or in state and federal appellate courts throughout the United States.

## DESIRABILITY AND RELEVANCE OF BRIEF

For the reasons explained above, ICONS has substantial experience with the history of Title IX and the Title IX athletics regulation and how Title IX and the Title IX athletics regulation apply in the context of scholastic sports. ICONS has filed several *amicus* briefs with the U.S. Supreme Court on these and related issues, including most recently on September 19, 2025, in *Little v. Hecox*, No. 24-38 (cert. granted, case pending) and *West Virginia v. B.P.J.*, No. 24-43 (cert. granted, case pending), two cases involving the application of Title IX and the athletics regulation to high school and college sports. ICONS' *amicus* brief in *United States v. Skrmetti*, 605 U.S. ___, 145 S.Ct. 1816, 222 L.Ed.3d 136 (June 18, 2025), was referenced by Justice Kavanaugh in his questioning during oral argument in that case.

5

Operating from this background of extensive experience in women's scholastic sports and with the Title IX athletics regulation, ICONS has appended to this motion an *amicus* brief of 2600 words focusing on application of the Title IX athletics regulation to this case. ICONS' proposed *amicus* brief explains that the Title IX athletics regulation takes biology into account and how this understanding is critical for the legal analysis in this case. ICONS' brief also explains how the scholastic sports context of this case and the Title IX athletics regulation distinguish this case from the Title VII employment context at issue in *Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644 (2020). Biology (i.e., male vs. female differences) is largely irrelevant in most employment contexts, but biology is highly relevant in sports.

Proposed *amicus*, ICONS, therefore, submits that its specialized knowledge, experience, and background with scholastic sports and the Title IX athletics regulation has permitted it to draft a concise amicus brief that adds relevant information to the analysis to be undertaken by this Court and provides practical context for the Court to consider alongside the parties' briefing, as well as highlighting the broader implications of the decision before the Court.

## CONCLUSION

For the foregoing reasons, the Independent Council on Women's Sport respectfully requests that its motion to file the attached *amicus* brief be granted.

Dated: November 24, 2025

                                        Respectfully submitted,

                                        *s/William Bock III*
                                        William Bock III
                                        KROGER, GARDIS & REGAS, LLP
                                        111 Monument Circle, Suite 900
                                        Indianapolis, IN 46204
                                        (317) 692-9000
                                        wbock@kgrlaw.com

                                        *Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 983 words, excluding parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: November 24, 2025

*s/William Bock III*
William Bock III
*Counsel for Amicus Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by that system.

*s/William Bock III*
William Bock III
*Counsel for Amicus Curiae*
